**Steven KNOX, Plaintiff–Appellant,**

v.

**State of OREGON; et al., Defendants–Appellees.**

No. 08–35527.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.\*

Filed Jan. 25, 2011.

Steven Knox, Troutdale, OR, pro se.

Denise Gale Fjordbeck, Assistant Attorney General, AGOR–Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

Before: BEEZER, TALLMAN and CALLAHAN, Circuit Judges.

MEMORANDUM \*\*

Steven Knox, a former Oregon state prisoner, appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action challenging the life sentence imposed on Knox for his first-degree felony murder conviction and the decision, made after Knox had served twenty years in prison, to defer his parole release date for two more years. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's order of dismissal under 28 U.S.C. § 1915(e)(2), *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed Knox's challenge to his original life sentence and the decision to defer his parole date as barred under *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See id.* (section 1983 action barred if it challenges conduct that is also the basis of a criminal conviction or sentence that has not been otherwise invalidated or expunged via writ of habeas corpus, direct appeal, or executive order).

The district court acted within its discretion by denying leave to amend because amendment would have been futile. *See Ventress v. Japan Airlines,* 603 F.3d 676, 680 (9th Cir.2010). The district court further acted within its discretion by denying Knox's motion for reconsideration. *See Casey v. Albertson's Inc.,* 362 F.3d 1254, 1259–61 (9th Cir.2004).

Knox's motion for judicial notice is denied as unnecessary.

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.